IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVIN SWIGGETT | : | CIVIL ACTION |
| | : | NO. 08-2604 |
| v. | : | |
| | : | |
| UPPER MERION TOWNSHIP, et al. | : | |
| | : | |

O'NEILL, J.                                                                                           NOVEMBER   17, 2008

## MEMORANDUM

On June 4, 2008, plaintiff Alvin Swiggett filed a complaint against defendants Upper Merion Township, Officer John Caldwell and Officer John W. Wright, Jr. alleging that he was injured by defendants' actions, leading to the deprivation of his Fourth, Fifth and Eighth Amendment constitutional rights under 42 U.S.C. § 1983.  Presently before me are defendant Officers Caldwell's and Wright's motion to dismiss and plaintiff's response thereto.

## BACKGROUND

The complaint alleges the following.  On July 6, 2006, Swiggett was a guest at the Hampton Inn in King of Prussia, Upper Merion Township, Pennsylvania.  At approximately 11:30 p.m., Swiggett exited the Hampton Inn, entered his allegedly rented[1] vehicle and attempted to exit the parking lot.  Upon doing so, Officer Wright signaled for Swiggett to pull over.  Instead of pulling over, Swiggett attempted to flee from the officers in the vehicle.  After his escape was blocked by Officer Caldwell's marked police cruiser, Swiggett parked the vehicle and "wrongfully attempted to flee the police on foot."  While running away from the officers,

---

[1] According to Officer Wright's Police Criminal Complaint, Exhibit A to defendants' motion, the vehicle in question had been reported as stolen.

Swiggett slipped, twisted his ankle and fell to the ground. Swiggett was subsequently arrested by Officer Wright in a "professional manner." Shortly after Swiggett's arrest, Officer Caldwell arrived on the scene. Swiggett alleges that when Officer Caldwell arrived he struck Swiggett twice with his baton and used his full body weight to twist and bend Swiggett's right leg while shouting "I'm going to make sure you can't ever run again." Moreover, Swiggett alleges that Officer Wright stood by doing nothing and intervened only after Swiggett's right leg was shattered by Officer Caldwell. Swiggett alleges that he suffered comminuted fractures of his femur, tibia, fibula and patella bones as a direct result of the conduct of Officer Caldwell and its toleration by Officer Wright in addition to damage to his lateral collateral ligament (LCL), his anterior cruciate ligament (ACL), his medial collateral ligament (MCL), his posterior cruciate ligament (PCL), a tear in his patella tendon and meniscal tears. After the incident, the officers removed Swiggett's handcuffs and requested medical assistance.

Swiggett alleges that Officer Caldwell's use of excessive and unreasonable force and/or Officer Wright's official indifference to Officer Caldwell's actions violated his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Swiggett also claims that, in response to the incident, the officers engaged in a conspiracy to conceal the use of excessive force by Officer Caldwell by filing a false police report stating that Swiggett's leg injuries were caused by his fall while attempting to evade officers.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any

reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

DISCUSSION

Defendant Officers Caldwell and Wright[2] have moved to dismiss portions of Swiggett's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). First, the officers contend that Swiggett's allegations of cruel and unusual punishment under the Eighth Amendment must be dismissed. Second, Officers Caldwell and Wright assert that because claims of excessive force must be analyzed under the reasonable standard of the Fourth Amendment, Swiggett's Fifth and Fourteenth Amendment violation claims must be dismissed. Lastly, the officers argue that plaintiff's § 1983 conspiracy claim must be dismissed because the complaint failed to set forth

---

2     Defendant Upper Merion Township has not filed a motion.

facts that raised a viable § 1983 conspiracy claim.

Swiggett has, in response to defendant officers' motion to dismiss, withdrawn his claims under the Eighth Amendment for allegations of cruel and unusual punishment and is proceeding under his Fourth Amendment right to be free from the use of excessive force by the defendants. Swiggett acknowledges that he does not have a separate Fourteenth Amendment claim but that the Fourteenth Amendment incorporated the Fourth Amendment and applies it to the states to guarantee him a Fourth Amendment claim.  Mapp v. Ohio, 367 U.S. 643, 655 (1961).  Moreover, Swiggett's response states that he plans to proceed under the Fourth Amendment without any mention of the Fifth Amendment which was pled in the complaint.  Nonetheless, "all claims that law enforcement officers have used excessive force...in the course of an arrest...of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard rather than under a substantive due process approach."  Mellott v. Heemer, 161 F.3d 117, 121 (3d Cir. 1998), quoting Graham v. O'Connor, 490 U.S. 386, 395 (1989).  Therefore, defendant officers' motion to dismiss Swiggett's Fifth and Fourteenth Amendment claims will be granted. Defendant officers have not moved to dismiss plaintiff's Fourth Amendment claim.  The only issue remaining for this motion to dismiss is whether Swiggett's § 1983 conspiracy claim survives defendants' motion to dismiss.

Officers Caldwell and Wright allege that Swiggett's complaint fails to raise a viable conspiracy claim under § 1983.  The officers contend that the complaint merely sets forth a bald accusation that a conspiracy occurred and does not plead with the particularity required.  Officers Caldwell and Wright assert that Swiggett's only allegation of an agreement to conspire is that the officers conspired to cover up the alleged use of excessive force by Officer Caldwell by

providing false statements and documents to unnamed court authorities; further, they allege that these assertions are not sufficient to sustain a cause of action for conspiracy. In his response, Swiggett contends that he has pled a viable § 1983 conspiracy claim. Given the early stage of litigation, Swiggett asserts that in order to allege a conspiracy sufficiently he must merely aver in the complaint the combination of two or more people to do a criminal act or to do a lawful act by unlawful means or for an unlawful purpose. Marchese v. Umstead, 110 F. Supp.2d 361, 371 (E.D. Pa. 2000).

     To state a § 1983 conspiracy claim a plaintiff must allege (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. Santucci v. Gross, 2007 WL 2688650, at *5 (E.D. Pa. Sept. 10, 2007), citing Marchese, 110 F. Supp.2d at 371. First, a plaintiff must allege the existence of a conspiracy involving state action.[3] To sufficiently allege a conspiracy, a plaintiff must show "a combination of two or more people to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose." Marchese, 110 F. Supp.2d at 371, quoting Hammond v. Creative Financial Planning Org., 800 F. Supp. 1244, 1248 (E.D. Pa. 1992). The plaintiff must present evidence of an agreement -- a condition without which there could be no conspiracy -- as it is "not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." Eichelman v. Lancaster County, 510 F. Supp.2d 377, 393 (E.D. Pa. 2007), quoting Spencer v. Steinman, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997). The plaintiff has the burden of making "specific factual allegations of combination, agreement, or understanding among all or between

---

     3    In this case, the parties do not dispute the involvement of state action.

any of the defendants to plot, plan or conspire to carry out the alleged chain of events." Marchese, 110 F. Supp. at 371, quoting Hammond, 800 F. Supp. at 1248. "Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy and certain other actions of the alleged conspirators taken to achieve that purpose will be deemed sufficient." Santucci, 2007 WL 2688650, at *5, quoting Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989). The question of whether an agreement exists is resolved if the fact-finder can infer from the circumstances or can determine from direct evidence that the alleged conspirators had a "meeting of the minds" and "reached an understanding [from said meeting] to achieve the conspiracy's objective." Jackson-Gilmore v. Dixon, 2005 WL 3110991, at *12 (E.D. Pa. Nov. 18, 2005), quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

Under the notice-pleading standard, a complaint must include more than "conclusory allegations of concerted action." Lynn v. Christner, 184 Fed. Appx. 180, 184 (3d Cir. 2006) (internal citations omitted). It must contain at least some facts which could, if proven, permit a reasonable inference of a conspiracy to be drawn. Lynn, 184 Fed. Appx. at 185, citing Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). This requirement is established where the complaint sets forth a valid legal theory and adequately states the conduct, time, place and persons responsible. Id., citing Evancho, 423 F.3d at 353. Swiggett has sufficiently alleged facts to support the existence of a conspiracy involving state action. Santucci, 2007 WL 2688650, at *5; Lynn, 184 Fed. Appx. at 185. Swiggett has alleged an agreement or understanding among the defendants by stating that defendants entered into a conspiracy to cover up the use of excessive force during his arrest by filing a false police report of the incident. He has particularized the

conspirators, the period of the conspiracy and the object of the conspiracy.  Such allegations could, if proven, permit a fact finder to conclude that there was a conspiracy.  Lynn, 184 Fed. Appx. at 185.  Swiggett's allegations are sufficient to permit the fact-finder to infer from the circumstances that the alleged conspirators had a "meeting of the minds" and "reached an understanding to achieve the conspiracy's objective."  Jackson-Gilmore, 2005 WL 3110991, at *12.  Thus, Swiggett has fulfilled the first prong of alleging a § 1983 conspiracy claim.

However, he has not met the second prong.  To prevail on a § 1983 conspiracy claim, plaintiff must also sufficiently allege the deprivation of civil rights by a party to the conspiracy in order to further said conspiracy.  Santucci, 2007 WL 2688650, at *5.  Swiggett asserted that defendants' actions to conceal the use of excessive force violated his Fourth Amendment rights.  Other courts have found that concealing a constitutional violation, including use of excessive force, does not amount to a separate constitutional violation unless the victim of the concealment was deprived of his right of access to the courts.  Ingram v. Jones, 1997 WL 323538, at *2 (N.D. Ill. June 9, 1997), citing Vasquez v. Hernandez, 60 F.3d 325, 329 (7th Cir. 1995).  Swiggett did not assert that the alleged concealment impeded his right to the courts nor does he allege that the deprivation of his Fourth Amendment civil rights was in furtherance of a conspiracy.  As his right to judicial access was not violated and concealment of excessive force does not amount to a separate constitutional violation, Swiggett has not sufficiently demonstrated a constitutional injury in furtherance of the alleged conspiracy of concealment.  Ingram, 1997 WL 323538, at *2.

Additionally, Swiggett has not alleged any facts in his complaint which would allow me, when viewing the evidence in the light most favorable to him, reasonably to infer that a conspiracy to violate his civil rights occurred before the alleged violation of the Fourth

7

Amendment.  According to the complaint, the conspiracy took place after the alleged use of excessive force when Officer Caldwell wrote the official report about the incident in a way that covered up the defendants' alleged violation of Swiggett's civil rights.  I will therefore grant defendants' motion to dismiss plaintiff's § 1983 claim alleging the existence of a conspiracy to conceal the use of alleged excessive force.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVIN SWIGGETT | : | CIVIL ACTION |
| | : | NO. 08-2604 |
| v. | : | |
| | : | |
| UPPER MERION TOWNSHIP, et al. | : | |
| | : | |

ORDER

AND NOW, this 17th day of November 2008, upon consideration of defendants' motion to dismiss and plaintiff's response thereto, and for the reasons set forth in the accompanying memorandum of law, it is ORDERED that:

(1) defendants' motion to dismiss plaintiff's § 1983 conspiracy claim against Officers John Caldwell and John W. Wright, Jr. is GRANTED and that claim is DISMISSED;

(2) as plaintiff has withdrawn his Eighth Amendment claim, that claim is DISMISSED;

(3) defendants' motion to dismiss plaintiff's Fifth and Fourteenth Amendment claims is GRANTED and those claims are DISMISSED.

/s/ THOMAS N. O'NEILL, JR.
THOMAS N. O'NEILL, JR., J.