IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVIN SWIGGETT | : | CIVIL ACTION |
| | : | NO. 08-2604 |
| v. | : | |
| | : | |
| UPPER MERION TOWNSHIP, ET AL. | : | |

O'NEILL, J.                                                                                                  November 2, 2009

## MEMORANDUM

On June 4, 2008, plaintiff Alvin Swiggett filed a complaint against defendants Upper Merion Township, Officer John Caldwell and Officer John W. Wright, Jr. alleging that he was injured by defendants' actions, leading to the deprivation of his Fourth, Fifth, Eighth and Fourteenth Amendment constitutional rights. He brought suit under 42 U.S.C. § 1983, and included § 1983 conspiracy claims. By Order of November 17, 2008, I dismissed defendant's § 1983 conspiracy claim against Officers Caldwell and Wright, as well as plaintiff's Fifth and Fourteenth Amendment claims and plaintiff withdrew his Eighth Amendment claim. On June 19, 2009, the parties stipulated to the voluntary discontinuance of plaintiff's claims against Upper Merion Township and plaintiff's claims against the Township were dismissed with prejudice. On July 23, 2009, all of plaintiff's remaining claims against Officer Wright were dismissed with prejudice after he filed an unopposed motion for summary judgment. Plaintiff's sole remaining claim is against Officer Caldwell for violation of his Fourth Amendment rights. This matter is ripe for trial. Presently before me are defendant Officer Caldwell's motion in limine and plaintiff's response thereto.[1]

---

[1] Plaintiff filed a Motion in Limine/Frye Hearing Request to Preclude Portions of Defense Expert Witness Testimony or in the Alternative Request for Rebuttal Testimony. A hearing has been ordered and scheduled for November 24 in response to that motion.

Officer Caldwell moves to preclude plaintiff from introducing at trial any evidence relating to Officer Caldwell that is beyond the specific incident involving plaintiff, including subsequent police matters not involving plaintiff and Officer Caldwell's decision to retire from the Upper Merion Township. The parties shall present their oral arguments on this issue at the hearing presently scheduled for November 24, 2009 which was ordered in response to plaintiff's motion in limine.

Officer Caldwell also moves to preclude the testimony of Dorothy Swiggett, plaintiff's mother, as well as the records of plaintiff's family physician Dr. Roger Groves. Plaintiff did not list his mother, Dorothy Swiggett, as a potential witness in either his Initial Disclosures or in any of his discovery responses. Her name appeared for the first time in plaintiff's pretrial memorandum, filed September 9, 2009, listed as a potential damages witness. At a pre-trial conference conducted October 7, 2009, plaintiff agreed to make Ms. Swiggett available to defendant for a deposition. Her deposition testimony was taken on Thursday October 15, 2009. Because plaintiff has cured any prejudice to defendant by making her available to be deposed prior to trial, I will deny defendant's motion to preclude her testimony at trial. Ms. Swiggett will be permitted to testify on behalf of the plaintiff at his trial.

Plaintiff also did not list his family physician, Dr. Roger Groves, as an individual likely to have discoverable evidence in his Initial Disclosures. Dr. Groves was not named nor were his medical records produced in response to any discovery requests. Plaintiff's pretrial memorandum states that he may introduce at trial "All medical records provided to Defendants during the course of discovery as it relates to Plaintiff; including but not limited to: . . . f. Dr. Roger Groves' Medical Records (Plaintiff's family physician)." Plaintiff admits that Dr. Grove's

medical records were not provided to defendant during discovery, but has since provided Officer Caldwell's counsel with the documents and has stated that he will not be calling Dr. Groves to testify at trial.

Plaintiff will be permitted to introduce at trial Dr. Groves' medical records that were provided to defendant because defendant has had adequate time to review the records prior to trial. Defendant has also had sufficient time to seek to depose Dr. Groves concerning their contents if they so desired. Defendant, if he so chooses, will be permitted to amend his pretrial memorandum to include Dr. Groves as a potential witness at trial so that he may be questioned about plaintiff's medical records and Dr. Groves' treatment of plaintiff.